IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| DANIEL L. POTMESIL, | ) | |
| | ) | CASE NO. BK13-80007 |
| Debtor(s). | ) | A14-8016 |
| DANIEL L. POTMESIL, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| GREAT WESTERN BANK and | ) | |
| CREDIT MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the plaintiff-debtor's motion for summary judgment against defendant Great Western Bank (Fil. No. 17). No objection was filed. Samuel J. Turco, Jr., represents the debtor. No appearance was made for the defendant. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtor's real property.

The following facts are uncontroverted:

1.  The plaintiff is the debtor in this Chapter 13 proceeding.

2.  The plaintiff is the owner of real property legally described as Lot Twenty-Nine (29), Stonecrest, a subdivision in Sarpy County, Nebraska, commonly known as 15956 Virginia Street, Omaha, Nebraska 68136.

3.  The above-described property has at all relevant times been the personal residence of the plaintiff herein.

4.  Wells Fargo Bank, N.A., holds the first lien against the real property in the approximate amount of $194,376.18 by virtue of a mortgage.

5.  Great Western Bank holds the second lien against the property in the approximate amount of $49,890.70 by virtue of a 2007 deed of trust.

6.   Credit Management Services obtained a money judgment against the plaintiff in November 2010. That judgment was assigned to Great Western Bank on June 19, 2014. Credit Management Services' lien has been avoided by court order (Fil. No. 42 in Case No. BK13-80007).

7.   Based on the records of the Sarpy County Assessor, the property is valued at $191,892 for tax year 2012.

8.   Upon information and belief, the second lien is wholly unsecured.

9.   The plaintiff filed this adversary proceeding on May 14, 2014, and filed an amended complaint to add defendant Credit Management Services on May 15, 2014.

10.  Summons and the complaint were served on May 19, 2014, on Great Western Bank's registered agent, and on May 20, 2014, on a Great Western Bank office in Sioux Falls, SD.

11.  The time for filing an answer or other response expired on June 15, 2014.

12.  No answer or other response has been filed or served by the defendant.

The Eighth Circuit Court of Appeals recently concurred with the seven other circuit courts that have addressed the issue in deciding that a wholly unsecured junior lien may be stripped off and avoided upon a debtor's discharge. *Minnesota Housing Fin. Agency v. Schmidt (In re Schmidt)*, ___ F.3d ___, 2014 WL 4243251 (8th Cir. Aug. 28, 2014).

The court explained that the anti-modification protections provided to secured creditors by 11 U.S.C. § 1322(b)(2) apply only when the creditor's lien actually has some value, drawing a distinction between under-secured liens and liens without any value whatsoever. "'Section 1322(b)(2) protects a creditor's rights in a mortgage lien only where the debtor's residence retains enough value – after accounting for other encumbrances that have priority over the lien – so that the lien is at least partially secured under Section 506(a).'" *Id.* at *4 (quoting *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126 (2d Cir. 2001)). When "the creditor's claim is wholly unsecured, then the reasoning of *Nobelman [v. American Sav. Bank*, 508 U.S. 324 (1993) (prohibiting stripping of partially secured liens)] does not preclude modifying the creditor's rights under § 1322(b)(2)." *Id.* A wholly unsecured creditor does not hold a claim secured by the debtor's residence, so the anti-modification provision does not apply. *Id.* (citing *McDonald v. Master Fin'l, Inc. (In re McDonald)*, 205 F.3d 606, 612 (3d Cir. 2000)). Accordingly, Chapter 13 debtors may strip off the lien of a junior lienholder where there is no equity securing the security interest in the property.

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. The debtor may strip off the wholly unsecured junior lien held by Great Western Bank for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiff completes the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiff's residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiff successfully completes the Chapter 13 plan.

IT IS ORDERED: The plaintiff-debtor's motion for summary judgment against defendant Great Western Bank (Fil. No. 17) is granted. Separate judgment will be entered.

DATED:  October 2, 2014.

BY THE COURT:

/s Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Samuel J. Turco, Jr.
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.